UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK BERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01241-AGF |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Mark Berger was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, or supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.  For the reasons set forth below, the decision of the Commissioner will be reversed and the case remanded for further proceedings.

## BACKGROUND

The Court adopts the statement of facts contained in Plaintiff's brief (Doc. No. 21-1), which the Commissioner has admitted and supplemented (Doc. No. 27-1), and the Commissioner's Statement of Additional Facts (Doc. No. 27-1 at 6), which Plaintiff has not refuted.  Together, these statements provide a fair description of the record before

---

[1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as the Defendant in this suit.

the Court.   Specific facts will be discussed as needed to address the parties' arguments.

Plaintiff, who was born on August 3, 1965, filed his application for Disability Insurance Benefits on January 10, 2018 and filed his application for Social Security Income benefits on January 12, 2018.   The ALJ considered whether Plaintiff was disabled beginning August 30, 2017,[2] due to a fused neck, arthritis, pinched brain stem, numbness in his arms and hands, and pain.   Tr. 295.   On March 28, 2018, Plaintiff's applications were denied at the administrative level, and he thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on July 10, 2019, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.   By decision dated September 16, 2019, the ALJ found Plaintiff did not have a severe mental impairment.   Plaintiff claims he had anxiety with depression.   The ALJ found this impairment did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities, and Plaintiff does not dispute this finding.   Tr. 88.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of "light" work, as defined by the Commissioner's regulations, in that:

---

[2]   Plaintiff alleged disability beginning April 17, 2017.   However, he had previously filed applications for Disability Insurance Benefits and Social Security Income, which were denied in a decision dated August 29, 2017.   The prior claim is administratively final and no appeal is pending.   The ALJ determined Plaintiff's disability between the alleged onset date of April 17, 2016 and August 29, 2017 had already been adjudicated by the prior decision.   Tr. 85.   Plaintiff has not challenged this finding.

2

> [T]he claimant requires a sit/stand option defined as allowing the claimant to alternate between sitting and standing positions at intervals no greater than 30 minutes throughout the day while remaining on task. He can never climb ladders, ropes, or scaffolds or crawl. He can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. He can frequently reach, handle, finger, and feel. He must avoid concentrated exposure to excessive vibration and all exposure to workplace hazards such as operational control of moving machinery and unprotected heights.

Tr. 90.

The ALJ next found that Plaintiff could perform certain unskilled jobs listed in the Dictionary of Occupational Titles ("DOT") (cashier 2, packer, product inspector), which the VE testified that a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were available in significant numbers in the national economy. Tr. 98. Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. Plaintiff filed a timely request for review by the Appeals Council of the Social Security Administration, which was denied on July 27, 2020. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues that the ALJ erred by: (1) failing to support with sufficient medical evidence the RFC's physical limitations, particularly as to Plaintiff's ability to reach overhead on a frequent basis and to lift 20 pounds and (2) ignoring Plaintiff's subjective complaints of pain. Plaintiff asks that the ALJ's decision be reversed and that he be awarded full benefits, or alternatively, that the case be remanded for further development of the record.

3

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (cleaned up and citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated

4

regulations, found at 20 C.F.R. §§ 404.1520 and 415.920, establishing a five-step sequential evaluation process to determine disability.   The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity.   If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments.   A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities.   20 C.F.R. §§ 404.1520(c).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations.   If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work.   If the claimant cannot perform his past relevant work, the burden of production shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform other work that exists in significant numbers in the national economy and that is consistent with the claimant's vocational factors.   *See, e.g.*, *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010).   "However, the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."   *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted).   When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden.   *See Baker v. Barnhart*,

457 F.3d 882, 894 (8th Cir. 2006).

**RFC's Physical Limitations**

Although "there is no requirement that an RFC finding be supported by a specific medical opinion," an RFC "is a medical question [and, therefore,] an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley*, 829 F.3d at 932. As noted above, the ALJ found that Plaintiff could perform jobs falling within the category of "light work," with a sit/stand option and other limitations. Plaintiff claims the RFC contains several conclusions which are not supported by the medical evidence. In particular, Plaintiff claims the ALJ erred in finding: (1) Plaintiff could lift 20 pounds; (2) Plaintiff could reach overhead frequently; (3) mild arthritic changes in Plaintiff's knees were not expected to be significant; and (4) Plaintiff would be able to stay on task while changing positions. The Court agrees with Plaintiff that the findings that he could reach overhead frequently and lift 20 pounds are not sufficiently supported by the medical evidence.[3]

---

[3] The record appears to contain sufficient support for the ALJ's other two conclusions. Plaintiff's knee surgeon noted after an MRI following an arthroscopic knee surgery that any irritation from the mild arthritic changes in Plaintiff's knee was not expected "to be significant based on the relatively mild nature of the arthritic changes seen." Tr. 747.
Additionally, the ALJ properly relied upon the testimony from the VE in concluding Plaintiff would be able to stay on task while changing positions from sitting to standing or walking. The ALJ posed a hypothetical to the VE which encapsulated the limitations contained in Plaintiff's RFC, including the sit/stand option. Tr. 137. The VE testified that a person with the hypothetical limitations would be able to perform jobs which exist in the national economy. *Id.*

First, Plaintiff contends the ALJ failed to support his conclusion that Plaintiff can lift 20 pounds occasionally. Plaintiff's RFC limits him to "light work", which requires him to lift up to 20 pounds at a time, and frequent lifting and carrying of objects weighing up to 10 pounds. 20 CFR 404.1567(b). In crafting the physical RFC, the ALJ relied significantly on the opinion of non-examining state medical consultant Renu Dobroy, M.D. Tr. 94-95. Dr. Dobroy based his opinion upon a full review of Plaintiff's medical record. He opined that Plaintiff could lift or carry up to 10 pounds. Tr. 167. The ALJ found Dr. Dobroy's opinions were generally persuasive because they are consistent with the medical evidence of record and Plaintiff's own statements and testimony about his daily activities. Tr. 95.

The ALJ also considered the opinions of Plaintiff's treating physician, family medicine specialist Kelly Bain. Dr. Bain offered three opinions dated between August 2016 and June 2019. Tr. 676, 840, 1262. Dr. Bain opined in July of 2016, prior to the alleged onset of disability, that Plaintiff could occasionally lift 20 pounds, Tr. 678, but in her subsequent opinions she determined Plaintiff could rarely or never lift 20 pounds. Tr. 842, 1263. The ALJ found her opinions were not generally persuasive because of the numerous differences in the limitations between Dr. Bain's three opinions. Tr. 96.

The ALJ did not explain his findings with respect to Plaintiff's ability to lift up to 20 pounds. Moreover, the finding is at odds with the opinion of Dr. Dobroy, to which the ALJ assigned great weight. It may well be that the ALJ could support his finding with medical evidence in the record, but he has not done so. Thus, the Court believes

7

that remand is required. *See Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.") (cleaned up and citations omitted).

Next, Plaintiff contends that the ALJ did not adequately support his finding that he could reach overhead frequently. Plaintiff claims the medical evidence in the record does not support such a finding. Both Dr. Bain and Dr. Dobroy found Plaintiff was limited in his ability to reach overhead. Tr. 95, 168, 679, 843, 1263. The ALJ found Dr. Bain's opinions were not persuasive and, although the ALJ found Dr. Dobroy's opinions were generally persuasive, he rejected Dr. Dobroy's opinion that Plaintiff was limited in his ability to reach overhead as inconsistent with the other medical evidence in the record. Tr. 95. The ALJ instead found "[t]he evidence does support the ability to reach overhead on a frequent basis given the full range of motion of the extremities and full to nearly-full strength." *Id*.

The ALJ did not point to what evidence in the record supports this finding. However, the Commissioner argues the ALJ's findings are supported by Plaintiff's neurosurgical consultation with Neill Wright, M.D., Tr. 1218-19 and a consultative examination performed by state agency consultative examiner Raymond Leung, M.D. Tr. 1188-90.

8

The ALJ's conclusion that Plaintiff can frequently reach overhead is not supported by substantial evidence on the record. Even assuming a full range of motion in the extremities combined with full to nearly full strength support a finding that Plaintiff can frequently reach overhead, there is no evidence showing Plaintiff has a full range of motion in his extremities. The ALJ noted Dr. Wright evaluated Plaintiff in 2016 and found Plaintiff had 5/5 strength throughout and "abnormal" range of motion. Tr. 93, 1218. The ALJ also noted that Dr. Leung rated Plaintiff's pinch, arm, leg, and grip strength as 4+/5 throughout. Tr. 93, 1188. Dr. Leung filled out a form outlining the findings of his consultative examination; he did not fill out the section of the form in which he could have indicated Plaintiff's range of motion in his shoulders and wrists. Tr. 1190.

There is inadequate support for the ALJ's conclusion that Plaintiff retained a full range of motion. Dr. Wright found Plaintiff had an "abnormal" range of motion and Dr. Leung declined to opine on Plaintiff's range of motion in his upper extremities. Furthermore, both Dr. Dobroy and Dr. Bain found Plaintiff was limited in his ability to reach overhead. Tr. 168, 679, 843, 1263. In light of ALJ's failure to cite supporting evidence as well as the Court's own review of the record, which does not reveal substantial evidence supporting the ALJ's conclusions that Plaintiff can lift 20 pounds and reach overhead frequently, remand is appropriate.

9

**Remaining Arguments**

In light of the remand and reevaluation of Plaintiff's physical RFC, the ALJ shall likewise reevaluate Plaintiff's credibility in accordance with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner in denying benefits is **REVERSED** and the action is **REMANDED** for further proceedings consistent with the above.

A separate Judgment shall accompany this Memorandum and Order.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated on this 8th day of March, 2022.